UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| EMERSON LITTLE ELK, ADMINISTRATOR FOR THE ESTATE OF PETER LITTLE ELK; and LINDA LITTLE ELK, ADMINISTRATOR FOR THE ESTATE OF PETER LITTLE ELK,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | 3:14-CV-03012-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Through a Complaint filed August 27, 2014, Plaintiffs Emerson and Linda Little Elk, Administrators for the Estate of Peter Little Elk, brought this suit against the United States contending that employees of the Rosebud Indian Health Services, an agency of the United States, were negligent in providing medical care to their 24-year-old son Peter Little Elk.  Doc. 1.  The Complaint alleged that Peter Little Elk reported to the Rosebud IHS at 10:20 a.m., on July 8, 2012, and was in the care of Rosebud IHS employees at various points until his death at 8:50 p.m., in Winner, South Dakota, in route to Sioux Falls, South Dakota, for more advanced care.   Specifically, Plaintiffs contend that Rosebud IHS was negligent by failing to administer Lovenex at an earlier time; failing to administer the proper dose of Lovenex; failing to transport [Peter Little Elk] in a vehicle capable of handling trauma; failing to have the vehicle ready (fueled) for transport of patient; failing to expedite transportation of [Peter Little Elk] by using air ambulance; and failing to expedite ground transportation.  Doc. 1 at ¶ 13.

Plaintiffs filed an administrative tort claim with the United States Department of Health and Human Services (HHS) on or about May 20, 2013.  Doc. 1 at ¶ 17; Doc. 6 at ¶ 17.  Because HHS failed to either grant or deny Plaintiffs' claim within the requisite six-month period, Plaintiffs filed suit against the United States in this court under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et. seq.  Doc. 1 at ¶ 1.

The Plaintiffs initially were represented by attorney Terry Pechota.  Doc. 1.  After the United States answered, the parties met and filed a report of their planning meeting on January 20, 2015.  Doc. 7.  Consistent with the report of the planning meeting, this Court entered a Rule 16 Scheduling Order on January 27, 2015, formalizing that Plaintiffs had an expert disclosure deadline of July 17, 2015.  Doc. 8.  On July 17, 2015, Plaintiffs sought additional time for their expert witness disclosure, to which the United States did not object.  Doc. 9.  This Court entered an Amended Rule 16 Scheduling Order allowing Plaintiffs until September 1, 2015, to provide expert disclosures.  Doc. 10.  On September 1, 2015, again without opposition from the United States, Plaintiffs filed another motion to enlarge the deadline for any expert disclosure.  Doc. 11.  This Court issued a Second Amended Rule 16 Scheduling Order permitting Plaintiffs until December 4, 2015, to provide expert disclosures.  Doc. 12.  That deadline passed without Plaintiffs disclosing any expert witness or report.

On December 17, 2015, Plaintiffs' attorney Pechota moved to withdraw from the case without substitution.  Doc. 13.  This Court entered an Order Concerning Motion to Withdraw Without Substitution noting that the Plaintiffs' attorney had not provided "good cause" under Civil Local Rule 83.7(C), and explained in the order the good cause standard.  Doc. 14.  Thereafter, attorney Pechota submitted an ex parte affidavit containing information that prompted this Court to issue an Order Granting Motion to Withdraw Without Substitution on January 21, 2016.  Docs. 15, 16.

According to the Defendant United States' Statement of Undisputed Material Facts, to which Plaintiffs have not objected, the United States' attorney on March 4, 2016, spoke with Plaintiff

2

Emerson Little Elk about the Rule 16 Scheduling Order.  Doc. 21 at ¶ 3.  Emerson Little Elk advised that he was seeking to obtain new legal counsel.  Doc. 21 at ¶ 4.  The United States' attorney offered to seek an amendment to the scheduling order, to which Emerson Little Elk agreed.  Doc. 21 at ¶ 5. The United States then in fact filed such a motion, Doc. 17, which this Court granted through a Third Amended Rule 16 Scheduling Order, on March 21, 2016.  Doc. 18.  This Third Amended Rule 16 Scheduling Order allowed Plaintiffs until June 17, 2016, to make any expert witness disclosure.  Doc. 18.  Plaintiffs to this date still have not disclosed an expert or provided an expert report.  Doc. 21 at ¶ 8.

On November 18, 2016, the United States filed a Motion for Summary Judgment, Doc. 19, a Supporting Memorandum of Law, Doc. 20, a Statement of Undisputed Material Facts, Doc. 21, and an Affidavit in Support of the Motion for Summary Judgment, Doc. 22.  After 21 days passed without any opposition to the Motion for Summary Judgment, this Court entered an Order on Defendant's Motion for Summary Judgment that stated:

> On November 18, 2016, Defendant United States of America filed a Motion for Summary Judgment, Statement of Undisputed Facts, and Memorandum of Law. Under Civil Local Rule 7.1.B of the District of South Dakota, Plaintiffs have 21 days within which to file a responsive brief opposing the motion.  Civil Local Rule 56.1.B describes what Plaintiffs must file to contest Defendant's Statement of Undisputed Material Facts.  Plaintiffs' attorney has withdrawn, and Plaintiffs have no counsel of record.  The Civil Local Rules and Federal Rules of Civil Procedure apply to pro se plaintiffs.
> More than 21 days has elapsed since the filing of the summary judgment papers, and Plaintiffs have not responded.  This Court will give these pro se Plaintiffs additional time to respond to the motion.  Therefore, it is hereby
> ORDERED that Plaintiffs shall have until December 28, 2016, to file any response if they oppose the motion.  It is further
> ORDERED that the Clerk of Court mail to Plaintiffs a copy of this Order along with a copy of D.S.D. L.R. 7.1 and 56.1 and Rule 56 of the Federal Rules of Civil Procedure.

Doc. 23.  Through a letter postmarked December 22, 2016, Emerson Little Elk simply responded:

> I write this letter without the assistance of legal counsel to request that the Court allow a trial and/or testimony in the case of my son, Peter Little Elk.  I would like to present testimony in this case because Indian Health Services refused to allow a referral to an

outside doctor or hospital due to lack of funding, and my son's health became worse until his untimely passing.

Doc. 24.

Rule 56(a) of the Federal Rules of Civil Procedure allows for summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(e) places the burden initially on the moving party to establish the absence of a genuine issue of a material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)−(B). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. (citing Fed. R. Civ. P. 56(e)). In ruling on a motion for summary judgment, the facts and inferences fairly drawn from those facts are "viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587−88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

In an FTCA action, such as this one, courts apply the law of the state in which the action is brought. LaFromboise v. Leavitt, 439 F.3d 792, 795–96 (8th Cir. 2006). South Dakota law thus applies to substantive issues in this case. Plaintiffs' case is a negligence action asserting deficient and inappropriate medical care to Peter Little Elk by Rosebud IHS, a governmental agency. "In order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty,

proximate and factual causation, and actual injury." Fisher Sand & Gravel Co. v. S.D. Dep't of Transp., 558 N.W.2d 864, 867 (S.D. 1997).  Under South Dakota law, expert testimony is necessary to prove a breach of the standard of care in providing medical treatment.  Magbuhat v. Kovarik, 382 N.W.2d 43, 46 (S.D. 1986).  Indeed, under South Dakota law, the requirement of expert testimony applies both to deviation from the standard of care and to causation in medical malpractice and negligence cases.  Koeniguer v. Eckrich, 422 N.W.2d 600, 602 (S.D. 1988).  Plaintiffs under South Dakota law have the burden of proving both a breach of the standard of care and the causal connection between that negligence and the claimed injury.  Id. at 601.

The gravamen of Plaintiffs' Complaint is that Rosebud IHS provided negligent medical care in its handling of Peter Little Elk, resulting in his death.  Plaintiffs have failed to disclose any expert or expert report opining that Rosebud IHS did not meet the applicable standard of care and that any such negligence of Rosebud IHS caused Peter Little Elk's death.  This Court originally had set a deadline of July 17, 2015, for Plaintiffs to provide their expert disclosure.  Doc. 8.  This Court enlarged that deadline three separate times ultimately granting Plaintiffs through June 17, 2016, to make such an expert disclosure.  Even after the filing of the Motion for Summary Judgment, Plaintiffs still have not disclosed any expert to testify that Rosebud IHS failed to meet the applicable standard of care and that the failure caused injury or death to Peter Little Elk.

This Court forestalled entry of summary judgment to notify Plaintiffs of the requirements of Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56.1.B to contest the summary judgment filing.  The only submission of the Plaintiffs is a letter requesting a trial or testimony, and a reference to a belief that IHS "refused to allow a referral to an outside doctor or hospital due to lack of funding."  Doc. 24.  Plaintiffs' Complaint, however, alleged that Peter Little Elk was transferred to Cherry Creek Hospital in Valentine, Nebraska late on the morning of July 8, 2012, Doc. 1 at ¶¶ 5−6, and was in the process of being transferred to Sioux Falls at the time of his tragic death, Doc. 1 at ¶ 7. The letter submitted by Plaintiffs is insufficient to avert summary judgment under the circumstances.

This Court has great sympathy for the Plaintiffs who experienced the unexpected and apparently sudden death of their son Peter Little Elk.  This Court is aware of the difficulties of proceeding pro se, once counsel withdraws from a case of this nature.  Nevertheless, the Federal Rules of Civil Procedure and the Local Rules of the District of South Dakota apply equally to parties who are proceeding pro se.  For the reasons explained herein, it is hereby

ORDERED that Defendant United States' Motion for Summary Judgment, Doc. 19, is granted.  It is further

ORDERED that the relief sought in the letter postmarked December 22, 2016, Doc. 24, is denied.

DATED this 9th day of January, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE